IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Santiago Rios, #328137, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:15-1705-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Santiago Rios, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 141) be granted, and Rios's petition be denied.  (ECF No. 24).  Rios filed timely objections.  (ECF No. 26).  He also filed a motion for an extension of time to file his objections.  (ECF No. 28).[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In that case, the court reviews the Report only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] Rios filed his objections within the allotted time period; therefore, the motion for an extension of time to file objections is moot.

Rios objects to three portions of the Report. (ECF No. 26).[2] In his first objection, Rios claims that the magistrate judge erred by recommending the court to find that he procedurally defaulted on grounds two and three of his petition. (ECF No. 26 at 3–4). Grounds two and three allege that the trial court committed error by failing to instruct the jury on involuntary manslaughter and self-defense. (ECF No. 1 at 2). The magistrate judge recommended finding grounds two and three procedurally defaulted because the South Carolina Court of Appeals decided these grounds under independent and adequate state procedural rules. (ECF No. 24 at 14). Rios claims that the magistrate judge erred by failing to consider cause and prejudice under the standard set forth in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (ECF No. 26 at 3).

The Court in *Martinez* carved out a narrow exception to the procedural-default rule by providing that the procedural-default doctrine "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Grounds two and three assert that the trial court committed error by declining to instruct the jury on involuntary manslaughter and self-defense. (ECF No. 1 at 7–9). These grounds do not fall within the purview of the *Martinez* exception because they are not based on ineffective assistance of counsel by his trial counsel or his PCR counsel.

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or

---

[2] Rios did not object to the portion of the Report discussing the admissibility of two statements he gave to police. Because Rios failed to file a specific objection to this portion of the Report, he has waived his right to de novo review on that issue. *See, e.g.*, 28 U.S.C. § 636 (indicating that a court only has to conduct de novo review to any portion of the Report to which specific, written objections are made); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The court finds that the magistrate judge did not commit clear error.

prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000)).  To establish cause to present grounds two and three in his habeas petition, Rios had to "show that some objective factor external to the defense impeded counsel's efforts to comply with" the contemporaneous objection rule.  *Richmond v. Polk*, 375 F.3d 309, 324 (4th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  To show a fundamental miscarriage of justice, Rios had to introduce evidence showing that he was "'actually innocent' of the substantive offense."  *Id.* (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004)).  The court finds that Rios has failed to meet his burden in showing cause and actual prejudice or that he is "actually innocent" of the underlying offense.

In his second objection, Rios contends that the magistrate judge erred in recommending the court to find that he was not prejudiced by his trial counsel's failure to preserve a jury instruction on self-defense.  The court finds that Rios has failed to meet his burden to show that there is a "reasonable likelihood of a more favorable outcome on appeal had the claim been preserved."  *Davis v. Sec'y for Dep't of Corrs.*, 341 F.3d 1310, 1316 (11th Cir. 2003).[3]  Under South Carolina law, a "self-defense charge is not required unless it is supported by the evidence."  *State v. Light*, 664 S.E.2d 465, 469 (S.C. 2008) (citation omitted).

> To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, the defendant must show that a reasonably prudent

---

[3] This is the standard applied by the magistrate judge.  (ECF No. 24 at 25).  The court has been unable to find any Fourth Circuit cases applying the standard used by the magistrate judge rather than the traditional prejudice standard outlined in *Washington v. Strickland*, 466 U.S. 668 (1984).  The Eleventh Circuit has stated that the standard used in *Davis* was "pushing things" based on Supreme Court precedent.  *See Purvis v. Crosby*, 451 F.3d 734, 739 (11th Cir. 2006).  This court need not resolve whether the *Davis* Court applied the correct standard because Rios is unable to meet his burden under the more-lenient Eleventh Circuit standard.

person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger.

*Id.* (citation omitted).

Rios, who did not testify at his trial, provided two different accounts about how his wife was shot and killed. (ECF No. 13-4 at 2). In his first statement, Rios claimed that three people broke into his house and killed his wife. (ECF No. 13-4 at 2). Under this factual scenario, Rios is not entitled to a self-defense jury instruction because Rios did not kill his wife.

In his second statement provided to police, Rios changed his story. He stated that the altercation with his wife began when she would only serve him his uneaten lunch for dinner instead of turkey on Thanksgiving. (ECF No. 24 at 21). Rios ended up shoving his wife. (ECF No. 24 at 21). She pushed him back and went into the bedroom to pack her belongings to leave him. (ECF No. 24 at 21). Rios followed her into the bedroom, where he claims that she attacked him. (ECF No. 24 at 21–22). At some point, she grabbed a gun. (ECF No. 24 at 22). Rios claims that a struggle ensued for the gun, during which his wife had her finger on the trigger and he had his hand on the barrel of the gun. (ECF No. 13 at 28). The gun was fired, killing his wife. (ECF No. 13 at 28). In his statement, he says that he acted in self-defense. (ECF No. 13 at 28).

As to his second version of what occurred, Rios has failed to show a reasonable likelihood of reversal for two reasons. First, the evidence of the case shows that Rios was the initial provocateur of the situation. Under South Carolina law,

[O]ne who provokes or initiates an assault cannot escape criminal liability by invoking self defense . . . Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the

4

> difficulty and bars his right to assert self-defense as a justification or excuse for a homicide.

*State v. Bryant*, 520 S.E.2d 319, 322 (S.C. 1999) (citations and internal quotation marks omitted). "[I]f, after commencing the assault, the aggressor withdraws in good faith from the conflict and announces in some way to his adversary his intention to retire, he is restored to his right of self defense . . . ." *Id.* (quoting Ferdinand S. Tinio, *Comment Note: Withdrawal, After Provocation of Conflict, As Reviving Right Of Self-Defense,* 55 A.L.R.3d 1000, 1003 (1974)). Rios was the initial aggressor and he did not "withdraw[] from the conflict and communicate[] his withdrawal by word or act to his adversary." *See State v. Jackson*, 681 S.E.2d 17, 20–21 (S.C. Ct. App. 2009) (citation omitted). Therefore, he was not entitled to a jury instruction on self-defense.

Moreover, he was not entitled to a jury instruction on self-defense because Rios did not fire the gun. Under South Carolina law, the defendant must "strike the fatal blow." *See Light*, 664 S.E.2d at 469 (stating that the fear of imminent danger must be such to "warrant a person of ordinary prudence, firmness, and courage *to strike the fatal blow* in order to save himself from serious bodily harm or the loss of his life" (emphasis added)). Rios said that he did not fire the gun; therefore, he was not entitled to a jury instruction on self-defense.

In his third objection, Rios contends that the magistrate judge applied the improper standard of review. (ECF No. 26 at 6–7). Citing to *Frye v. Pliler*, 551 U.S. 112 (2007), he claims that the magistrate judge did not consider the "substantial and injurious effect" of his trial counsel's failure to preserve the self-defense jury instruction issue for appellate review. (ECF No. 26 at 6–7). The court has reviewed the magistrate judge's Report and finds that the magistrate judge applied the proper standards of review in this regard, and therefore, this objection is without merit. In any event, the court finds that Rios has failed to prove a

constitutional error or that counsel's failure to preserve the jury instruction issue had a "substantial and injurious effect" on his criminal trial.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Rios's objections are without merit, and adopts the Report and incorporates it herein by reference. Accordingly, Respondent's motion for summary judgment (ECF No. 14) is **GRANTED**; and the Petition is **DENIED**. The motion for an extension of time (ECF No. 28) is **DENIED** as moot.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 26, 2016
Anderson, South Carolina